Yolande V. Perkins, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 89905.   Promulgated July 28, 1938.

*Charles M. Rogerson, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

Sternhagen: The Commissioner determined deficiencies in the petitioner's individual income tax of $227.67 for 1934 and $1,287.14 for 1935. The only issue raised for each year is whether income of a trust under the will of petitioner's deceased husband is taxable to her. The facts were stipulated.

The will of petitioner's deceased husband contained the following:

Fifth: All the rest, residue and remainder of my property, real and personal, of every nature and description and wherever situated, including any property over which I have any power of disposition, I give, devise, bequeath and appoint to my wife and said Boston Safe Deposit and Trust Company, in Trust, Nevertheless, and until the youngest of my children who shall live to reach the age of twenty-five (25) years shall have reached said age, or earlier die, the net income shall be paid at least as often as quarterly to my wife, unless she shall otherwise request as hereinafter provided, and when the youngest of my children who shall live to reach the age of twenty-five (25) years, shall reach said age or shall earlier die, this trust shall cease and determine, and my Trustees shall pay the trust property at that time in their hands, in equal shares, to my children living at that time and to the issue living at that time of any deceased child, such issue to take the share their parent would have taken if living.

Sixth: My trustees shall, during the lifetime of my wife, pay to or apply for the education, maintenance, advancement and support of my issue, or shall accumulate for them or any of them, such sum or sums out of the income as my wife shall in writing request. If my wife shall die, * * *.

The trust income was paid to petitioner until October 1, 1934, and thereafter equally to the two children, one of whom was born February 14, 1913, and the other January 13, 1917. The payment to the children was by virtue of a written direction given by petitioner to the trustee on October 1, 1934, as follows:

In pursuance of the provisions of articles Fifth and Sixth of the Will of Frederick W. Perkins, you are hereby directed from and after this date to pay the net income from said Trust to my two daughters, Emily and Yolande, in equal shares.

Thus it appears that the petitioner is being taxed upon income which she did not receive and which she had no right to receive

after her direction to the trustee to pay it to another. The respondent defends this on the ground that the direction was revocable. But there was no reservation by her of a right to revoke and no qualification of her exercise of the power to direct payment to the children. The direction was beyond recall. After the direction of October 1, 1934, the power was extinguished and petitioner no longer had any control over the trust income either to direct it to herself or to anyone else. Cf. *Lelia W. Stokes*, 28 B. T. A. 1245; *Ellen S. Booth*, 36 B. T. A. 141 (on review C. C. A., 6th Cir.). Moreover, had there been doubt as to the intention that the direction of October 1, 1934, should have permanent effect, it was set at rest by a later confirmation in writing, dated December 11, 1936.[1]

The respondent cites no authority for the contention that petitioner was under any obligation for maintenance and support of the children, and the record does not show that the trust income was used for that purpose. Cf. *Commissioner* v. *Yeiser*, 75 Fed. (2d) 956; *Martin F. Tiernan, Trustee*, 37 B. T. A. 1048.

The petitioner was, after October 1, 1934, not a beneficiary of the trust, had no right to the trust income, and did not in fact receive it. The Commissioner was in error in including it in her income, and the determination is reversed.

*Judgment will be entered under Rule 50.*

---

[1] December 11, 1936

Boston Safe Deposit and Trust Company and Yolande V. Perkins, Trustees under will of Frederick W. Perkins for the benefit of Yolande V. Perkins and others

DEAR SIRS AND MADAM:

In my directions to you of October 1, 1934, given in pursuance of the provisions of Articles 5 and 6 of the will of Frederick W. Perkins and directing you from and after that date to pay the net income of the trust to my two daughters, Emily and Yolande, in equal shares, it was my intention that such direction should be final and complete,

eliminating me as a beneficiary from that date forward and substituting as the beneficiaries under the will my two daughters in equal shares in accordance with the provisions of said will. This direction is in accordance with the provisions of the will and for the purpose of removing any doubt as to my intentions or as to the effect of said direction to you and so that said direction might have the full force and effect to that end and so that I might not hereafter or after said date of said earlier direction have any right to change, alter, revoke or amend said direction.

Very truly yours,

